Peter J. Cresci, Esq. (PC7693)
CRESCI LAW FIRM
PO Box 74, 830 Avenue A
Bayonne, New Jersey 07002-0074
(201) 436-4126 Tel.
Attorneys for the Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| STACIE PERCELLA, | § § | |
| PLAINTIFF, | § § | |
| V. | § § | CAUSE NO. |
| CITY OF BAYONNE, JOSEPH WAKS, Individually, and RICHARD CENSULLO, Individually, | § § § § § | |
| DEFENDANTS. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

1.  COMES NOW, Stacie Percella, Plaintiff in the above entitled lawsuit, and states the following as his complaint against the Defendant, City of Bayonne.

### I. PARTIES

2.  Plaintiff, Stacie Percella, is an individual who is a citizen of the State of New Jersey and resides in Bayonne, New Jersey.

3.  Defendant City of Bayonne is a Municipality organized under the laws of the State of New Jersey and may be served with process by serving a copy of the Summons and Complaint to: City Clerk, 630 Avenue C, Bayonne, New Jersey 07002.

Defendant Joseph Waks is an individual resident of State of New Jersey and may be served with process by serving a copy of the Summons and Complaint to: 40 Avenue B, Bayonne, New Jersey 07002.

Defendant Richard Censullo is an individual resident of State of New Jersey and may be served with process by serving a copy of the Summons and Complaint to: 1457 48th Street, North Bergen, New Jersey 07047.

## II.  JURISDICTION

4.      The Court has jurisdiction over the lawsuit, according to 28 U.S.C. §1331, because this action arises under 28 U.S.C. §1331, as this action is pled under the First Amendment of the U.S. Constitution, 42 U.S.C. §1983 for reprisal for free speech, and conspiracy to violate civil rights of Plaintiff and retaliate against Plaintiff by Defendant under the Civil Rights Act of 42 U.S.C § 1983.

## III. EXHAUSTION OF ADMINISTRATIVE PROCEDURES

5.      All administrative procedures have been exhausted.

## IV. STATEMENT OF FACTS

6.      Plaintiff Stacie Percella is a longtime employee of the Defendant City of Bayonne.

7.      Defendant Joseph Waks continues to discriminate, sexually harass, retaliate against, and create a hostile work environment for the plaintiff.

8.      Defendant Richard Censullo continues to discriminate, sexually harass, retaliate against, and create a hostile work environment for the plaintiff.

9.      Plaintiff has made several complaints to City of Bayonne regarding the harassing treatment and each time a complaint was made, Plaintiff was retaliated against with adverse employment actions, including suspensions without pay.

10.     Defendant City of Bayonne has failed to follow its own directives and

regulations with regard to discrimination and harassment in the workplace.

11.    In furtherance of the unfair and biased treatment that Plaintiff endures, Plaintiff suffers financially, professionally, and emotionally.

## V. STATEMENT OF CLAIMS
### A.    THE CIVIL RIGHTS ACT OF 42 U.S.C. §1983.

12.    Plaintiff hereby re-alleges and incorporates ever allegation set forth in this Complaint as if fully set forth herein.  This cause of action is pled against Defendants City of Bayonne, Waks and Censullo.

13.    Plaintiff is a public employee of the City of Bayonne.  The Defendants deprived Plaintiff of her rights under the First Amendment of the United States Constitution in violation of 42 U.S.C. §1983 by failing to take action and retaliating against the Plaintiff.

14.    During Plaintiff's employment, Defendants attempted to wrongfully punish plaintiff because she spoke out against the illegal requests from Defendants' supervisors, among other protected forms of speech.   Defendants retaliated against the Plaintiff for speaking out on numerous occasions.   Further, Plaintiff would not perform illegal functions which the Defendant City of Bayonne asked her to perform.

15.    Because of the Plaintiff's objections, she has suffered, and continues to suffer, adverse employment actions.

WHEREFORE, plaintiff Stacie Percella demands judgment against the defendant City of Bayonne for damages, together with interest and costs of suit.

    **B.**    **NEW JERSEY LAW AGAINST DISCRIMINATION, N.J.S.A. 10:5, et seq.**

**Discrimination & Harassment**

16.    Plaintiff hereby re-alleges and incorporates ever allegation set forth in this Complaint as if fully set forth herein.  This cause of action is pled against Defendants City of Bayonne, Waks and Censullo.

17.    Plaintiff belongs to a class protected under the NJLAD (New Jersey Law Against Discrimination), *N.J.S.A. §10:5 et seq.*, by virtue of her gender.

18.    Defendant, City of Bayonne, is an employer within the meaning of the NJLAD, and as such was prohibited from discriminating in employment on the basis of gender.  At all times pertinent to this lawsuit, the plaintiff was an employee as defined under the New Jersey Law Against Discrimination.

19.    Defendant participated in an unlawful employment practice when it discriminated against the Plaintiff in her employment due to her gender.  Defendant City of Bayonne was in violation of the NJLAD when Defendant intentionally discriminated against Plaintiff by neglecting to enforce anti-hostile environment harassment policies.

20.    Plaintiff is entitled to compensatory and punitive damages, as well as attorney's fees for the violations of the NJLAD.

WHEREFORE, plaintiff Stacie Percella demands judgment against the defendant City of Bayonne, Joseph Waks and Richard Censullo for damages, together with interest and costs of suit.

**Hostile Work Environment**

21. Plaintiff hereby re-alleges and incorporates ever allegation set forth in this Complaint as if fully set forth herein. This cause of action is pled against Defendants City of Bayonne, Waks and Censullo.

22. Plaintiff belongs to a class protected under the NJLAD (New Jersey Law Against Discrimination), *N.J.S.A. §10:5 et seq.*, by virtue of her gender. The NJLAD prohibits sexual harassment.

23. Defendant, City of Bayonne, is an employer within the meaning of the NJLAD, and as such was prohibited from discriminating in employment on the basis of gender. At all times pertinent to this lawsuit, the plaintiff was an employee as defined under the New Jersey Law Against Discrimination.

24. The harassment to which Plaintiff was subject was sufficiently severe or pervasive that a reasonable person would have deemed it to be hostile, abusive, intimidating, or offensive

25. The harassment would not have occurred but for plaintiff's gender.

26. The aforementioned constituted a hostile work environment.

27. Although plaintiff complained about harassment by Joseph Waks and Richard Censullo, and availed herself of the employer-provided avenue for handling harassment complaints, Defendant City of Bayonne failed to take appropriate measures.

28. Defendant City of Bayonne's above-described actions constitute unlawful employment actions in violation of NJLAD including, *inter alia*, N.J.S.A. § 10:5-12a.

30. As a direct and proximate result of defendants' discriminatory actions, plaintiff has suffered economic and emotional damages.

5

29. Plaintiff is entitled to compensatory and punitive damages, as well as attorney's fees for the violations of the NJLAD.

WHEREFORE, plaintiff Stacie Percella demands judgment against the defendant City of Bayonne, Joseph Waks and Richard Censullo for damages, together with interest and costs of suit.

**Retaliation**

30. Plaintiff hereby repeats and realleges all of the allegations set forth above as if set forth at length herein.

31. In objecting to the harassment by Defendants Waks and Censullo, plaintiff engaged in an activity that is protected under the NJLAD ("the Protected Activity").

32. As a direct result of the Protected Activity, plaintiff was subject to adverse employment actions, including suspensions without pay.

33. The Retaliation was an unlawful employment action taken in violation of the NJLAD.

WHEREFORE, plaintiff Stacie Percella demands judgment against the defendant City of Bayonne, Joseph Waks and Richard Censullo for damages, together with interest and costs of suit.

## C.  COMMON LAW CLAIMS
### Tortious Interference with Contract
### Against Richard Censullo

34.     Plaintiff hereby repeats and realleges all of the allegations set forth above as if set forth at length herein.

35.  An employment contract existed between the Plaintiff and Defendant City of Bayonne.

36.  Defendant Richard  Censullo knew of the existence of this contract.

37.  Defendant Censullo intentionally and, with malice towards Plaintiff, induced her employer, City of Bayonne, to breach his contractual obligations.

38.  As a result of the breach, Plaintiff has incurred damages, which include, but are not limited to, pecuniary loss.

39.  Plaintiff Cenzullo is therefore liable for the tort of tortuous interference with a contract.

40.  Plaintiff Censullo is also liable for punitive damages.

WHEREFORE, plaintiff Stacie Percella demands judgment against the defendant City of Bayonne, Joseph Waks and Richard Censullo for damages, together with interest and costs of suit.

## VI.  JURY DEMAND

41.     Plaintiff hereby demands a trial by jury of her peers.

## VII.  PRAYER

42. WHEREFORE, Plaintiff, Stacie Percella, requests judgment against Defendants, City of Bayonne, Joseph Waks and Richard Censullo:

    a. Presentation of a workplace free from retaliation from co-workers, supervisors, and management;

    b. Compensatory damages to compensate for the humiliation, embarrassment, mental anguish and emotional distress Plaintiff endured both at work and outside of work, in the amount of $450,000.00;

    c. Damages for loss of income, back pay, front pay, pension contributions, out of pocket expenses;

    d. Attorneys fees, costs and expenses incurred as a result of the Defendants' acts, as provided for by Civil Rights Act, NJLAD, and other applicable statutes;

    e. Any and all other general or specific relief, both at law and in equity, to which Plaintiff may be justly entitled;

    Respectfully submitted,

    **CRESCI LAW FIRM, LLC**
    PO Box 74, 830 Avenue A
    Bayonne, New Jersey 07002-0074
    Telephone:   (201) 436-4126/4127
    Telecopier:   (201) 436-9220


    By:_____*Peter J. Cresci, Esq. /s*_____
       **PETER J. CRESCI, ESQ. (PJC 7693)**
       ATTORNEYS FOR PLAINTIFF