Peter J. Cresci, Esq. (PC7693)
**CRESCI  LAW FIRM**
**PO Box 74, 830 Avenue A**
**Bayonne, New Jersey 07002-0074**
**(201) 436-4126 Tel.**
**Attorneys for the Plaintiff**


## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY


| | | |
|---|---|---|
| **STACIE PERCELLA,** | § | |
| | § | |
| **PLAINTIFF,** | § | |
| | § | |
| **V.** | § | **CAUSE NO.  14-CV-3695** |
| | § | |
| **CITY  OF BAYONNE; JOSEPH** | § | |
| **WAKS, Individually; and** | § | |
| **RICHARD CENSULLO, Individually.** | § | |
| | § | |
| **DEFENDANTS.** | § | |


## PLAINTIFF'S AMENDED COMPLAINT


**TO THE HONORABLE JUDGE OF SAID COURT:**


1.      COMES NOW, Stacie Percella, Plaintiff in the above entitled lawsuit, and states the following as his complaint against the Defendant, City of Bayonne.

## I.  PARTIES


2.      Plaintiff, Stacie Percella, is an individual who is a citizen of the State of New Jersey and resides in Bayonne, New Jersey.

3.      Defendant City of Bayonne is a Municipality organized under the laws of the State of New Jersey and may be served with process by serving a copy of the Summons and Complaint to: City Clerk, 630 Avenue C, Bayonne, New Jersey 07002.

Defendant Joseph Waks is an individual resident of State of New Jersey and may be served with process by serving a copy of the Summons and Complaint to: 40 Avenue B, Bayonne, New Jersey 07002.

Defendant Richard Censullo is an individual resident of State of New Jersey and may be served with process by serving a copy of the Summons and Complaint to: 1457 48th Street, North Bergen, New Jersey 07047.

## II.  JURISDICTION

4.      The Court has jurisdiction over the lawsuit, according to 28 U.S.C. §1331, because this action arises under 28 U.S.C. §1331, as this action is pled under the First Amendment and Fourteenth Amendments of the U.S. Constitution, 42 U.S.C. §1983 for reprisal for free speech, and conspiracy to violate civil rights of Plaintiff and retaliate against Plaintiff by Defendant under the Civil Rights Act of 42 U.S.C § 1983; and New Jersey Law Against Discrimination, N.J.S.A. 10:5-1, et seq.

## III. EXHAUSTION OF ADMINISTRATIVE PROCEDURES

5.      All administrative procedures have been exhausted.

## IV. STATEMENT OF FACTS

6.      Plaintiff, Stacie Percella, has been an employee of the City of Bayonne for fifteen (15) years; she is the Deputy Registrar and has held that position for the majority of her tenure.  Defendant City of Bayonne is an employer within the meaning of the statutes alleged herein.

7.      Plaintiff's position is civil service and accorded the Job Specification number 02948 by the New Jersey Civil Service Commission as Deputy Registrar.

8.      Prior to her complaints, Plaintiff had never received a negative evaluation; never counseled in a negative manner; nor placed on a Performance Improvement Plan. Previous to the actions stated herein Plaintiff has not previous disciplinary history.

9.   Defendant Joseph Waks continued to discriminate, sexually harass, retaliate against, and create a hostile work environment for the plaintiff up until the time of his termination as Director of Municipal Services for City of Bayonne.   Plaintiff had filed complaints of hostile work environment, harassment, and retaliation to her employer about the actions of Defendant Waks.  As an illustration, Defendant Waks had placed suggestive magnets/signs in the workplace demeaning to women.  The suggestive magnet stated, "Girls from Bayonne . . .Leave 'em Alone." (see attached Exhibit A).

10.     On several occasions Defendant Waks decided it was permissive to yell, Fuck, Fuck, Fuck You. Waks made offensive, vulgar, derogatory and sexual comments in the workplace.   After Plaintiff filed a complaint of the hostility and retaliation, it was reported that Defendant Waks was ordered to anger management by Defendant City of Bayonne; it was yet to be verified whether Defendant Waks attended such training.   In retaliation for bringing this complaint to the proper EEO representative for Defendant City of Bayonne, Plaintiff Percella was punished.  Further, the alleged "investigation" did not even include interviewing Plaintiff Percella.   The investigation was a farce.

11. Defendant Richard Censullo was involved in a contract with the City of Bayonne; he was not an employee.   As the Health Official, Defendant Censullo worked closely within the office Plaintiff Percella worked.   Plaintiff Percella made complaints that Defendant was committing fraud by failing to show up for his responsibilities, issuing false health inspections and permits without Defendant Censullo being present. Defendant Censullo utilized his professional contacts; interfered with Plaintiff's employment contract and Plaintiff suffered economically from Defendant Censullo's actions.

12.   Plaintiff Percella had a history of voicing her displeasure of illegality and inappropriate activity in the workplace.   Plaintiff Percella recognized early on that FEMA money during Hurricane Sandy was being distributed illegally. Plaintiff Percella had recently uncovered that two co-workers were in fact inappropriately fudging their

official time sheets in order to gain an advantage of their time and corresponding pay. This matter was allegedly investigated by the Defendant City of Bayonne.   While employees Bryant and McKitrick were found to have inappropriately recorded their time, Plaintiff Percella was the punished for bringing such illegality to the attention of management.

13. Plaintiff has made several complaints to City of Bayonne regarding the harassing treatment and each time a complaint was made, Plaintiff was retaliated against with adverse employment actions, including suspensions without pay.   Plaintiff voiced her complaints; and Plaintiff's beliefs were demonstrable good faith beliefs that the actions of Defendant Waks and Defendant City of Bayonne were violations of New Jersey Law Against Discrimination.   Tangible employment actions included but not limited to suspensions, demotion, diminution of responsibilities, moving Plaintiff's desk location to a different department.

14.  Plaintiff Percella's reporting illegalities, hostile work environment, and retaliation by City of Bayonne employees led to her running for and achieving Vice President of the AFSCME Union for rank and file employees.

15. Defendant City of Bayonne has failed to follow its own directives.   In furtherance of the unfair and biased treatment that Plaintiff endures, Plaintiff suffers financially, professionally, and emotionally.   Plaintiff suffered suspensions in direct retaliation of her reports of illegalities, hostile work environment, and retaliation.

## V. STATEMENT OF CLAIMS

### A.      THE CIVIL RIGHTS ACT OF 42 U.S.C. §1983.

16.      Plaintiff hereby re-alleges and incorporates by reference paragraphs 1 through 15 as if fully set forth herein.  This cause of action is pled against Defendants City of Bayonne, and Waks.

17.     Plaintiff is a public employee of the City of Bayonne.  The Defendants deprived Plaintiff of him rights under the First and Fourteenth Amendments of the United States Constitution in violation of 42 U.S.C. §1983 by failing to take action, retaliating against the Plaintiff, and essentially retaliating against the Plaintiff.   Plaintiff had reported illegalities stemming from FEMA money being distributed, failure to abide by the open public records act; fellow employees falsifying time sheets; failure of the health officer to abide by the contract he held with the City of Bayonne; falsification of health inspections and licenses; to name several.

18.     During Plaintiff's employment, Defendants attempted to wrongfully punish plaintiff because she spoke out against the illegal requests from Defendants' supervisors, among other protected forms of speech.   Defendants retaliated against the Plaintiff for speaking out on numerous occasions, including but not limited to: fraud by a contractor, failure to apply the law and ordinance equally; reasons work was not being performed by the City of Bayonne. Further, Plaintiff would not perform illegal functions which the Defendant City of Bayonne asked her to perform or overlook.

19. Because of the Plaintiff's objections, she has suffered, and continues to suffer, adverse employment actions.   The retaliation for her speech was so intense that her supervising director and his deputy refused to sign off on retaliatory suspensions which were manufactured by upper management of Defendant City of Bayonne.

20. WHEREFORE, Plaintiff Percella demands judgment against the defendant City of Bayonne and Defendant Joseph Waks for damages, awarding her compensatory damages, inclusive of front and back pay; emotional distress damages; punitive damages; attorney's fees and expenses pursuant to law; and other such relief and damages as the Court deems proper and just.

**B.        NEW JERSEY LAW AGAINST DISCRIMINATION
VIOLATIONS, N.J.S.A. 10:5-1 TO -42**

*Discrimination & Harassment*

21.        Plaintiff hereby re-alleges and incorporates ever allegation set forth in this Complaint as if fully set forth herein. This cause of action is pled against Defendants City of Bayonne, and Defendant Waks.

22. Plaintiff belongs to a class protected under the NJLAD (New Jersey Law Against Discrimination), N.J.S.A. §10:5 et seq., by virtue of her gender.

23. Defendant, City of Bayonne, is an employer within the meaning of the NJLAD, and as such was prohibited from discriminating in employment on the basis of gender. At all times pertinent to this lawsuit, the plaintiff was an employee as defined under the New Jersey Law Against Discrimination.  Defendant Joseph Waks, as irector of Municipal Services, was a supervisor subject to N.J.L.A.D. and its requirements.

24. Defendant participated in an unlawful employment practice when it discriminated against the Plaintiff in her employment due to her gender. Defendant City of Bayonne and Defendant Waks were in violation of the NJLAD when Defendants intentionally discriminated against Plaintiff by neglecting to enforce anti-hostile environment harassment policies.  For instances, Defendant Waks posted "Girls from Bayonne . . .Leave 'em Alone" magnets all over the workplace.  Plaintiff is a woman from Bayonne.   When such activity, such as hostility and sexual harassment were

reported to the alleged eeo officer; no action was taken.

25. Plaintiff is entitled to compensatory and punitive damages, as well as attorney's fees for the violations of the NJLAD.

WHEREFORE, Plaintiff Percella demands judgment against the defendant City of Bayonne, and Defendant Joseph Waks for damages, together with interest and costs of suit.

### *Hostile Work Environment*

26. Plaintiff hereby re-alleges and incorporates ever allegation set forth in this Complaint as if fully set forth herein. This cause of action is pled against Defendant City of Bayonne and Defendant Waks.

27. Plaintiff belongs to a class protected under the NJLAD (New Jersey Law Against Discrimination), N.J.S.A. §10:5 et seq., by virtue of her gender. The NJLAD prohibits sexual harassment.   Yelling "Fuck, Fuck, Fuck You!" and slamming doors, as well as portraying women in a demeaning fashion create a hostile work environment.

28. Defendant, City of Bayonne, is an employer within the meaning of the NJLAD, and as such was prohibited from discriminating in employment on the basis of gender. At all times pertinent to this lawsuit, the plaintiff was an employee as defined under the New Jersey Law Against Discrimination.

29. The harassment to which Plaintiff was subject was sufficiently severe or pervasive that a reasonable person would have deemed it to be hostile, abusive, intimidating, or offensive

30. The harassment would not have occurred but for plaintiff's gender.   This activity did not occur to male employees. The aforementioned constituted a hostile work environment.

31. Although plaintiff complained about harassment by Defendant Joseph Waks, and availed herself of the employer-provided avenue for handling harassment complaints, Defendant City of Bayonne failed to take appropriate measures.

32. Defendant City of Bayonne's above-described actions constitute unlawful employment actions in violation of NJLAD including, inter alia N.J.S.A. §10:5-12a.

33.      As a direct and proximate result of defendants' discriminatory actions, plaintiff has suffered economic and emotional damages. Plaintiff is entitled to compensatory and punitive damages, as well as attorney's fees for the violations of the NJLAD.

WHEREFORE, plaintiff Stacie Percella demands judgment against the Defendant City of Bayonne and Defendant Joseph Waks for damages, together with interest and costs of suit.

*Retaliation*

34.     Plaintiff hereby repeats and realleges all of the allegations set forth above as if set forth at length herein.

35.     In objecting to the hostility, harassment and differential treatment by Defendants City of Bayonne and Waks, Plaintiff engaged in an activity that is protected under the NJLAD ("the Protected Activity").   Defendants' conduct was egregious, willful, wanton and reckless disregard of Plaintiff's rights for which punitive damages are appropriate and involve Defendant City of Bayonne's upper management participation.

36.     As a direct result of the Protected Activity, plaintiff was subject to adverse employment actions, including suspensions without pay; diminution of duties and responsibilities, canceled training required for her position and employment, moved from her place of business after almost 15 years of work, etc.

37.     The Retaliation were unlawful employment actions taken in violation of the NJLAD.     WHEREFORE, Plantiff  Percella demands judgment against the defendant City of Bayonne, and Defendant Joseph Waks for damages, together with interest and costs of suit.

## D.  COMMON LAW CLAIMS

1.        **Interference with Contract Against Defendant Richard Censullo**

38. Plaintiff hereby repeats and re-alleges all of the allegations set forth above as if set forth at length herein.    This cause of action is pled against Defendant Censullo.

39. An employment contract existed between Plaintiff Percella and Defendant City of Bayonne.     The contract was set forth in the employment handbook, as well a contract between the Defendant City of Bayonne and the Plaintiff.

40. Defendant Richard Censullo as a third party, knew of the existence of this contract.

41. Defendant Censullo intentionally and, with malice towards Plaintiff, induced her employer, City of Bayonne, to breach its contractual obligations to the Plaintiff and punish her for speaking out about Defendant Censullo's failure to perform his contract; questioning his credentials, and his attendance to the contract.   Defendant Censullo actively and with intent interfered with the contractual obligations between Plaintiff and City of Bayonne.   Defendant Censullo's actions caused economic damages for Plaintiff Percella.

42. As a result of the breach, Plaintiff has incurred damages, which include, but are not limited to, pecuniary loss.

43. Defendant Censullo is therefore liable for the interference with a contract.

WHEREFORE, Plaintiff Percella demands judgment against the Defendant Richard Censullo for damages, together with interest and costs of suit.

2     **BREACH OF IMPLIED COVENANT OF GOOD FAITH & FAIR DEALING**

44.     Plaintiff hereby repeats and re-alleges all of the allegations set forth in paragraphs 1-42 as if set forth at length herein.

45.     Under New Jersey law, all contracts contain an implied covenant of good faith and fair dealing ("the Implied Covenant").

46.     Under the Implied Covenant, neither party may do anything that will thwart the other party's expectation or purpose under the contract and/or deprive that party of the benefit of the contract.   In this instance, Defendant City of Bayonne's behavior and activity thwarted Plaintiff Percella's expectation and purpose of the contact. City of Bayonne's upper management utilized recording devices, surveillance, recruited citizens to complain about Plaintiff Percella's performance and demeanor in order to breach the covenant of good faith and fair dealing.

47.     In suspending Plaintiff notwithstanding its knowledge that good cause for suspension did not exist, in failing to inform him of her statutory rights, and in neglecting to make a bona fide attempt to accommodate Plaintiff's rights, Defendant City of Bayonne breached the Implied Covenant.   Defendant City of Bayonne's actions were malicious and devious.   Defendant City of Bayonne's Upper Management did not act in good faith in their performance or enforcement of the contractual rights.

48.     As a direct and proximate result of Defendant City of Bayonne's breach of the Implied Covenant, Plaintiff has been damaged.   Plaintiff demands judgment against the Defendants and seeks the following relief: (i) compensatory and punitive damages against the individual defendants; (ii) pre-judgment interest; and (iii) such other relief as this Court deems just and proper.

## VI.  JURY DEMAND

49.      Plaintiff hereby demands a trial by jury of her peers.

## VII.  PRAYER

50.      WHEREFORE, Plaintiff Percella, requests judgment against Defendants, City of Bayonne, Defendant Joseph Waks, and Defendant Censullo:

a.   Re-establishment of her employment with the Defendant City. Presentation of a workplace free from hostility, gender harassment, retaliation from co-workers, supervisors, and management;

b.   Compensatory damages to compensate for the humiliation, embarrassment, mental anguish and emotional distress Plaintiff endured both at work and outside of work, in the amount of $650,000.00.  Punitive damages in an amount set by jury;

c.   Damages for loss of income, back pay, front pay, pension contributions, out of pocket expenses;

d.   Attorney's fees, costs and expenses incurred as a result of the Defendants' acts, as provided for by Civil Rights Act, NJLAD, and other applicable statutes;

e.   Any and all other general or specific relief, both at law and in equity, to which Plaintiff may be justly entitled;

Respectfully submitted,

**CRESCI LAW FIRM, LLC**
PO Box 74, 830 Avenue A
Bayonne, New Jersey 07002-0074
Telephone:      (201) 436-4126/4127
Telecopier:     (201) 436-9220

By:_____*Peter J. Cresci, Esq. /s*_____
**PETER J. CRESCI, ESQ. (PJC 7693)**
ATTORNEYS FOR PLAINTIFF