Ravinder S. Bhalla, Esq.
Florio Perrucci Steinhardt & Fader, LLC
218 Rt. 17 North, Suite 410
Rochelle Park, New Jersey 07662
201-843-5858
rbhalla@fpsflawfirm.com
Attorneys for Defendants,
 City of Bayonne, Joseph Waks
and Richard Censullo

## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| STACIE PERCELLA,<br><br>             Plaintiff,<br><br>    v.<br><br>CITY OF BAYONNE, JOSEPH WAKS,<br>INDIVIDUALLY, AND RICHARD CONSULLO,<br>INDIVIDUALLY<br>             Defendants. | Civil Action No. 14-cv-03695(KM)(MCA)<br><br><br>**ANSWER**<br>**&**<br>**AFFIRMATIVE DEFENSES** |

Defendants, City of Bayonne, Joseph Waks and Richard Censullo ("Defendants"), by way of
Answer to the Plaintiff's Complaint, hereby states as follow:

1.      Defendants neither admit of deny the statements in Paragraph 1 of the Complaint as
they do not contain any factual allegations.

### PARTIES

2.      Defendants neither admit of deny the allegations in Paragraph 2 of the Complaint
and leave Plaintiff to her proofs.

3.      Defendants admit the allegations in the first sentence of Paragraph 3 of the
Complaint and deny the remaining allegations in this paragraph of the Complaint.

## JURISDICTION

4.       Defendants neither admit nor deny the allegations in Paragraph 4 of the Complaint as they are a recitation of laws invoked by the Plaintiff.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

5.       Defendants deny the allegations in Paragraph 5 of the Complaint.

## STATEMENT OF FACTS

6.       Defendants deny the allegations in Paragraph 6 of the Complaint insofar as the term "longtime employee" is left undefined and is subject to interpretation, and leaves Plaintiff to her proofs.

7.       Defendants deny the allegations in Paragraph 7 of the Complaint.

8.       Defendants deny the allegations in Paragraph 8 of the Complaint.

9.       Defendants deny the allegations in Paragraph 9 of the Complaint.

10.      Defendants deny the allegations in Paragraph 10 of the Complaint.

11.      Defendants deny the allegations in Paragraph 11 of the Complaint.

## STATEMENT OF CLAIMS

## THE CIVIL RIGHTS ACT OF 42 U.S.C. §1983

12.      Defendants repeat their answers to the prior allegations as if the same were more fully set forth at length herein.

13.      Defendants admit that Plaintiff is a public employee of Bayonne, and deny the remaining allegations in Paragraph 13 of the Complaint.

14.      Defendants deny the allegations in Paragraph 14 of the Complaint.

15.      Defendants deny the allegations in Paragraph 15 of the Complaint.

**WHEREFORE,** Defendants demand judgment dismissing the Complaint with prejudice, for reasonable attorneys' fees, costs of suit, and for such other relief as the Court deems equitable and just.

## NEW JERSEY LAW AGAINST DISCRIMINATION, N.J.S.A. 10:5, ET SEQ.

### Discrimination & Harassment

16.      Defendants repeat their answers to the prior allegations as if the same were more fully set forth at length herein.

17.      Defendants neither admit nor deny the allegations in Paragraph 17 of the Complaint as they state a conclusion of law.

18.      Defendants neither admit nor deny the allegations in Paragraph 18 of the Complaint as they state a conclusion of law.

19.      Defendants deny the allegations in Paragraph 19 of the Complaint.

20.      Defendants deny the allegations in Paragraph 20 of the Complaint.

**WHEREFORE,** Defendants demand judgment dismissing the Complaint with prejudice, for reasonable attorneys' fees, costs of suit, and for such other relief as the Court deems equitable and just.

### Hostile Work Environment

21.      Defendants repeat their answers to the prior allegations as if the same were more fully set forth at length herein.

22.      Defendants neither admit nor deny the allegations in Paragraph 22 of the Complaint as they state a conclusion of law.

23.      Defendants neither admit nor deny the allegations in Paragraph 23 of the Complaint as they state a conclusion of law.

24.     Defendants deny the allegations in Paragraph 24 of the Complaint.

25.     Defendants deny the allegations in Paragraph 25 of the Complaint.

26.     Defendants deny the allegations in Paragraph 26 of the Complaint.

27.     Defendants deny the allegations in Paragraph 27 of the Complaint.

28.     Defendants deny the allegations in Paragraph 28 of the Complaint.

29.     Defendants deny the allegations in Paragraph 29 of the Complaint.

30.     Defendants deny the allegations in Paragraph 30 of the Complaint.

**WHEREFORE,** Defendants demand judgment dismissing the Complaint with prejudice, for reasonable attorneys' fees, costs of suit, and for such other relief as the Court deems equitable and just.

### Retaliation

31.     Defendants repeat their answers to the prior allegations as if the same were more fully set forth at length herein.

32.     Defendants neither admit nor deny the allegations in Paragraph 32 (incorrectly numbered in Plaintiff's Complaint) of the Complaint as they state a conclusion of law.

33.     Defendants deny the allegations in Paragraph 33 (incorrectly numbered in Plaintiff's Complaint) of the Complaint.

34.     Defendants deny the allegations in Paragraph 34 (incorrectly numbered in Plaintiff's Complaint) of the Complaint.

**WHEREFORE,** Defendants demand judgment dismissing the Complaint with prejudice, for reasonable attorneys' fees, costs of suit, and for such other relief as the Court deems equitable and just.

## COMMON LAW CLAIMS

### Tortious Interference with Contract

### Against Richard Censullo

35.     Defendants repeat their answers to the prior allegations as if the same were more fully set forth at length herein.

36.     Defendants neither admit nor deny the allegations contained in Paragraph 36 (incorrectly numbered in Plaintiff's Complaint) of the Complaint, and leaves Plaintiff to her proofs.

37.     Defendants neither admit nor deny the allegations contained in Paragraph 37 (incorrectly numbered in Plaintiff's Complaint) of the Complaint, as said allegations assume facts not in evidence.

38.     Defendants deny the allegations in Paragraph 38 (incorrectly numbered in Plaintiff's Complaint) of the Complaint.

39.     Defendants deny the allegations in Paragraph 39 (incorrectly numbered in Plaintiff's Complaint) of the Complaint.

40.     Defendants deny the allegations in Paragraph 40 (incorrectly numbered in Plaintiff's Complaint) of the Complaint.

41.     Defendants deny the allegations in Paragraph 41 (incorrectly numbered in Plaintiff's Complaint) of the Complaint.

WHEREFORE, Defendants demand judgment dismissing the Complaint with prejudice, for reasonable attorneys' fees, costs of suit, and for such other relief as the Court deems equitable and just.

### DEMAND FOR JURY TRIAL

1. The Complaint fails to state a cause of action upon which relief can be granted.

2. Plaintiff is barred by the applicable statute of limitations.

3. Plaintiff is barred by the unclean hands doctrine.

4. Plaintiff is barred by the doctrine of laches.

5. The Defendants neither violated Plaintiff's civil rights nor any provision of federal or state law.

6. Plaintiff has requested improper relief not authorized under applicable law.

7. At all times pertinent to the allegations contained within the Plaintiffs Complaint, the Defendant acted within the boundaries of its lawful authority.

8. Plaintiff has failed to comply with the notice provision of the New Jersey Tort Claims Act, N.J.S.A 59:1-1 et seq.

9. Defendants did not breach any agreement, duty, or other obligations allegedly owed to Plaintiff.

10. Defendants' conduct was not the proximate cause of any damages allegedly suffered by the Plaintiff.

11. Any damages suffered by the Plaintiff are the result of her own conduct and, therefore, any claims against Defendants should be dismissed.

12. Plaintiff cannot recover damages against Defendants Waks and Censullo individually because any such recovery is subject to indemnification by the City of Bayonne

13. Defendants' conduct was reasonable, proper, without malice and in good faith.

14. Defendants at all times were acting pursuant to the lawful authority vested in them by law. All acts so performed were consistent with the appropriate exercise of her discretion.

15.     Defendants are immune from liability pursuant to the immunities provided by the doctrines of absolute and qualified immunity, and all other immunities encompassed by the New Jersey Tort Claims Act. N.J.S.A. 59:1-1 et seq.

16.     Plaintiff has not been deprived of any right, privilege or immunity secured to it by the United States Constitution, any Act of Congress, the Constitution of the State of New Jersey, or any Act of the legislature of the State of New Jersey.

17.     Any conduct alleged by Plaintiff did not constitute actual fraud, willful misconduct or an intentional wrong.

18.     Defendants are not liable to Plaintiff because Defendants acted in good faith in the execution and enforcement of the laws of the State of New Jersey and City of Bayonne.

19.     Plaintiff cannot prove a causal link between the allegations contained in the Complaint and any alleged harm suffered.

20.     Defendants incorporate all applicable defenses that have been or will be pleaded by any other party in this action to the extent these defenses are applicable to Defendants and also reserves the right to add additional affirmative defenses, if necessary, should discovery in this matter warrant the same.

21.     Plaintiff's claim for punitive damages against Defendants is barred because Defendants' actions were never willful, malicious, or knowing outside the scope of their duties.

22.     Defendants reserve the right to interpose such other separate defenses as they become ripe throughout these proceedings.

23.     Defendants hereby reserve the right to move at or before trial of this matter to strike Plaintiff's Complaint on the grounds set forth in the Affirmative Defenses.

## DEMAND FOR JURY TRIAL

Demand is hereby made for trial by jury as to all issues.

## DESIGNATION OF TRIAL COUNSEL

Ravinder S. Bhalla, Esq. of Florio Perrucci Steinhardt & Fader is hereby designated as

trial counsel on behalf of Defendants in connection with the above-captioned action.

Florio Perrucci Steinhardt & Fader, LLC

By: /s/ Ravinder S. Bhalla
    Ravinder S. Bhalla, Esq.
    Florio Perrucci Steinhardt & Fader, LLC
    Attorneys for Defendants,
    City of Bayonne, Joseph Waks
    and Richard Censullo

Dated: November 11, 2014

Ravinder S. Bhalla, Esq.
Florio Perrucci Steinhardt & Fader, LLC
218 Rt. 17 North, Suite 410
Rochelle Park, New Jersey 07662
201-843-5858
rbhalla@fpsflawfirm.com
Attorneys for Defendants,
 City of Bayonne, Joseph Waks
and Richard Censullo

# THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| STACIE PERCELLA,<br><br>    Plaintiff,<br><br>  v.<br><br>CITY OF BAYONNE, JOSEPH WAKS,<br>INDIVIDUALLY, AND RICHARD CONSULLO,<br>INDIVIDUALLY<br>    Defendants. | Civil Action No. 14-cv-03695(KM)(MCA)<br><br><br>**CERTIFICATION<br>OF<br>SERVICE** |

I, Ravinder S. Bhalla, of full age do hereby certify as follows:

On this day, November 12, 2014, I caused to be electronically filed via CM/ECF with the

Clerk of the Court the foregoing copy of the Answer and Affirmative Defenses.


       Florio Perrucci Steinhardt & Fader, LLC


       By: */s/ Ravinder S. Bhalla*
         Ravinder S. Bhalla, Esq.
         Florio Perrucci Steinhardt & Fader, LLC
         Attorneys for Defendants,
         City of Bayonne, Joseph Waks
         and Richard Censullo

Dated: November 11, 2014