# EXHIBIT A

Peter J. Cresci, Esq. (PC7693)
CRESCI LAW FIRM
PO Box 74, 830 Avenue A
Bayonne, New Jersey 07002-0074
(201) 436-4126 Tel.
Attorneys for the Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| STACIE PERCELLA, | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | CAUSE NO. |
| | § | |
| CITY OF BAYONNE, JOSEPH WAKS, Individually, and RICHARD CENSULLO, Individually, | § § § § | |
| | § | |
| DEFENDANTS. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

### TO THE HONORABLE JUDGE OF SAID COURT:

1. COMES NOW, Stacie Percella, Plaintiff in the above entitled lawsuit, and states the following as his complaint against the Defendant, City of Bayonne.

### I. PARTIES

2. Plaintiff, Stacie Percella, is an individual who is a citizen of the State of New Jersey and resides in Bayonne, New Jersey.

3. Defendant City of Bayonne is a Municipality organized under the laws of the State of New Jersey and may be served with process by serving a copy of the Summons and Complaint to: City Clerk, 630 Avenue C, Bayonne, New Jersey 07002.

1

Defendant Joseph Waks is an individual resident of State of New Jersey and may be served with process by serving a copy of the Summons and Complaint to: 40 Avenue B, Bayonne, New Jersey 07002.

Defendant Richard Censullo is an individual resident of State of New Jersey and may be served with process by serving a copy of the Summons and Complaint to: 1457 48th Street, North Bergen, New Jersey 07047.

## II. JURISDICTION

4. The Court has jurisdiction over the lawsuit, according to 28 U.S.C. §1331, because this action arises under 28 U.S.C. §1331, as this action is pled under the First Amendment of the U.S. Constitution, 42 U.S.C. §1983 for reprisal for free speech, and conspiracy to violate civil rights of Plaintiff and retaliate against Plaintiff by Defendant under the Civil Rights Act of 42 U.S.C § 1983.

## III. EXHAUSTION OF ADMINISTRATIVE PROCEDURES

5. All administrative procedures have been exhausted.

## IV. STATEMENT OF FACTS

6. Plaintiff Stacie Percella is a longtime employee of the Defendant City of Bayonne.

7. Defendant Joseph Waks continues to discriminate, sexually harass, retaliate against, and create a hostile work environment for the plaintiff.

8. Defendant Richard Censullo continues to discriminate, sexually harass, retaliate against, and create a hostile work environment for the plaintiff.

9. Plaintiff has made several complaints to City of Bayonne regarding the harassing treatment and each time a complaint was made, Plaintiff was retaliated against with adverse employment actions, including suspensions without pay.

10. Defendant City of Bayonne has failed to follow its own directives and

regulations with regard to discrimination and harassment in the workplace.

11. In furtherance of the unfair and biased treatment that Plaintiff endures, Plaintiff suffers financially, professionally, and emotionally.

## V. STATEMENT OF CLAIMS
### A. THE CIVIL RIGHTS ACT OF 42 U.S.C. §1983.

12. Plaintiff hereby re-alleges and incorporates ever allegation set forth in this Complaint as if fully set forth herein. This cause of action is pled against Defendants City of Bayonne, Waks and Censullo.

13. Plaintiff is a public employee of the City of Bayonne. The Defendants deprived Plaintiff of her rights under the First Amendment of the United States Constitution in violation of 42 U.S.C. §1983 by failing to take action and retaliating against the Plaintiff.

14. During Plaintiff's employment, Defendants attempted to wrongfully punish plaintiff because she spoke out against the illegal requests from Defendants' supervisors, among other protected forms of speech. Defendants retaliated against the Plaintiff for speaking out on numerous occasions. Further, Plaintiff would not perform illegal functions which the Defendant City of Bayonne asked her to perform.

15. Because of the Plaintiff's objections, she has suffered, and continues to suffer, adverse employment actions.

WHEREFORE, plaintiff Stacie Percella demands judgment against the defendant City of Bayonne for damages, together with interest and costs of suit.

### B. NEW JERSEY LAW AGAINST DISCRIMINATION, N.J.S.A. 10:5, et seq.

### Discrimination & Harassment

16. Plaintiff hereby re-alleges and incorporates ever allegation set forth in this Complaint as if fully set forth herein. This cause of action is pled against Defendants City of Bayonne, Waks and Censullo.

17. Plaintiff belongs to a class protected under the NJLAD (New Jersey Law Against Discrimination), *N.J.S.A. §10:5 et seq.*, by virtue of her gender.

18. Defendant, City of Bayonne, is an employer within the meaning of the NJLAD, and as such was prohibited from discriminating in employment on the basis of gender. At all times pertinent to this lawsuit, the plaintiff was an employee as defined under the New Jersey Law Against Discrimination.

19. Defendant participated in an unlawful employment practice when it discriminated against the Plaintiff in her employment due to her gender. Defendant City of Bayonne was in violation of the NJLAD when Defendant intentionally discriminated against Plaintiff by neglecting to enforce anti-hostile environment harassment policies.

20. Plaintiff is entitled to compensatory and punitive damages, as well as attorney's fees for the violations of the NJLAD.

WHEREFORE, plaintiff Stacie Percella demands judgment against the defendant City of Bayonne, Joseph Waks and Richard Censullo for damages, together with interest and costs of suit.

## Hostile Work Environment

21. Plaintiff hereby re-alleges and incorporates ever allegation set forth in this Complaint as if fully set forth herein. This cause of action is pled against Defendants City of Bayonne, Waks and Censullo.

22. Plaintiff belongs to a class protected under the NJLAD (New Jersey Law Against Discrimination), *N.J.S.A. §10:5 et seq.*, by virtue of her gender. The NJLAD prohibits sexual harassment.

23. Defendant, City of Bayonne, is an employer within the meaning of the NJLAD, and as such was prohibited from discriminating in employment on the basis of gender. At all times pertinent to this lawsuit, the plaintiff was an employee as defined under the New Jersey Law Against Discrimination.

24. The harassment to which Plaintiff was subject was sufficiently severe or pervasive that a reasonable person would have deemed it to be hostile, abusive, intimidating, or offensive

25. The harassment would not have occurred but for plaintiff's gender.

26. The aforementioned constituted a hostile work environment.

27. Although plaintiff complained about harassment by Joseph Waks and Richard Censullo, and availed herself of the employer-provided avenue for handling harassment complaints, Defendant City of Bayonne failed to take appropriate measures.

28. Defendant City of Bayonne's above-described actions constitute unlawful employment actions in violation of NJLAD including, *inter alia*, N.J.S.A. § 10:5-12a.

30. As a direct and proximate result of defendants' discriminatory actions, plaintiff has suffered economic and emotional damages.

29. Plaintiff is entitled to compensatory and punitive damages, as well as attorney's fees for the violations of the NJLAD.

WHEREFORE, plaintiff Stacie Percella demands judgment against the defendant City of Bayonne, Joseph Waks and Richard Censullo for damages, together with interest and costs of suit.

### Retaliation

30. Plaintiff hereby repeats and realleges all of the allegations set forth above as if set forth at length herein.

31. In objecting to the harassment by Defendants Waks and Censullo, plaintiff engaged in an activity that is protected under the NJLAD ("the Protected Activity").

32. As a direct result of the Protected Activity, plaintiff was subject to adverse employment actions, including suspensions without pay.

33. The Retaliation was an unlawful employment action taken in violation of the NJLAD.

WHEREFORE, plaintiff Stacie Percella demands judgment against the defendant City of Bayonne, Joseph Waks and Richard Censullo for damages, together with interest and costs of suit.

### C. COMMON LAW CLAIMS
### Tortious Interference with Contract
### Against Richard Censullo

34. Plaintiff hereby repeats and realleges all of the allegations set forth above as if set forth at length herein.

35. An employment contract existed between the Plaintiff and Defendant City of Bayonne.

36. Defendant Richard Censullo knew of the existence of this contract.

37. Defendant Censullo intentionally and, with malice towards Plaintiff, induced her employer, City of Bayonne, to breach his contractual obligations.

38. As a result of the breach, Plaintiff has incurred damages, which include, but are not limited to, pecuniary loss.

39. Plaintiff Cenzullo is therefore liable for the tort of tortuous interference with a contract.

40. Plaintiff Censullo is also liable for punitive damages.

WHEREFORE, plaintiff Stacie Percella demands judgment against the defendant City of Bayonne, Joseph Waks and Richard Censullo for damages, together with interest and costs of suit.

### VI. JURY DEMAND

41. Plaintiff hereby demands a trial by jury of her peers.

7

## VII. PRAYER

42. WHEREFORE, Plaintiff, Stacie Percella, requests judgment against Defendants, City of Bayonne, Joseph Waks and Richard Censullo:

   a. Presentation of a workplace free from retaliation from co-workers, supervisors, and management;

   b. Compensatory damages to compensate for the humiliation, embarrassment, mental anguish and emotional distress Plaintiff endured both at work and outside of work, in the amount of $450,000.00;

   c. Damages for loss of income, back pay, front pay, pension contributions, out of pocket expenses;

   d. Attorneys fees, costs and expenses incurred as a result of the Defendants' acts, as provided for by Civil Rights Act, NJLAD, and other applicable statutes;

   e. Any and all other general or specific relief, both at law and in equity, to which Plaintiff may be justly entitled;

Respectfully submitted,

**CRESCI LAW FIRM, LLC**
PO Box 74, 830 Avenue A
Bayonne, New Jersey 07002-0074
Telephone:   (201) 436-4126/4127
Telecopier:   (201) 436-9220

By:_____*Peter J. Cresci, Esq. /s*_____
   **PETER J. CRESCI, ESQ. (PJC 7693)**
   ATTORNEYS FOR PLAINTIFF

JS 44 (Rev. 12/07, NJ 5/08) Case 2:14-cv-03695-KM-MCA Document 1-1 Filed 06/09/14 Page 1 of 2 PageID: 9

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Stacie Percella

**DEFENDANTS**
City of Bayonne, Joseph Waks, Individually, and Richard Censullo, Individually

(b) County of Residence of First Listed Plaintiff: Hudson
County of Residence of First Listed Defendant: Hudson

(c) Attorney's (Firm Name, Address, Telephone Number and Email Address)
Cresci Law Firm LLC
830 Avenue A, Bayonne, NJ 07002
(201) 436-4126
crescilegal@gmail.com

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS — PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☒ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**TORTS — PERSONAL INJURY**
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
- Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus - Alien Detainee
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)
☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. §1983

Brief description of cause:
Plaintiff was discriminated against for exercising free speech and sexually harassed due to her gender.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S)
(See instructions):
JUDGE
DOCKET NUMBER

Explanation:

DATE

SIGNATURE OF ATTORNEY OF RECORD

JS 44 Reverse (Rev 12/07, NJ 7/08) Case 2:14-cv-03695-KM-MCA Document 1-1 Filed 06/09/14 Page 2 of 2 PageID: 10

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.** **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b) County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c) Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.** **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. Do not cite jurisdictional statutes unless diversity. Example: U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases. Provide a brief explanation of why the cases are related.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

Case 2:14-cv-03695-KM-SCM Document 42 Filed 10/30/14 Page 2 of 2 PageID: 27

## RETURN OF SERVICE

Service of the Summons and complaint was made by me (1)  DATE October 7, 2014

NAME OF SERVER (PRINT) Daniel Cresci   TITLE Process Server

Check one box below to indicate appropriate method of service

☑ Served personally upon the defendant. Place where served: Bayonne City Hall, Clerk 630 Avenue C, Bayonne NJ 07002

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left: _____

☐ Returned unexecuted: _____

☐ Other (specify): _____

### STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| — | — | $50.00 |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on  10-07-14
Date

Signature of Server

830 Avenue A, Bayonne NJ 07002
Address of Server