# EXHIBIT K

## SUPPLEMENTARY INVESTIGATION REPORT

| Department | Mun. Code | Phone Number | UCR | Prox's Case Number | Dept. Case Number |
|---|---|---|---|---|---|
| BAYONNE POLICE DEPARTMENT | 0901 | 201-858-6900 | | | 2010-65909 |

| Crime/Incident | New Crime/Incident If Changed | Victim's Name/New Address |
|---|---|---|
| POLICE INFORMATION | | State of New Jersey<br>630 Avenue C<br>Bayonne, NJ 07002<br>201-858-6900 |

Crime/Incident Date(s): 6/1/2009-9/27/2010

| New NJS | Stolen Currency | Additional stolen property value | Additional recovered value | Teletype Alarm |
|---|---|---|---|---|

| | Add'l technical services | Technician and agency | | Evidence |
|---|---|---|---|---|
| | | | | retained |

| No. Arrested | Newly Arrested | Adult | Juvenile | Curr Status Crime | Curr. Case | UCR Status | Date Cleared |
|---|---|---|---|---|---|---|---|
| 00 | 0 | 0 | 0 | Founded | Investigation | | |

| 68. Name | Address of Arrested/Summoned | Age | Sex | Race | DOB |
|---|---|---|---|---|---|

On 9/27/2010, Stacie Percella (1/9/65) of 25 West 40th Street, Bayonne, responded to the Detective Bureau. Percella is employed by the City of Bayonne as a Deputy Registar/Principal Clerk with the Health Department.

Upon speaking with Percella, she stated that there were two employees in the Health Department that were using compensation time that didn't appear to be accumulated by them. Percella stated that she was able to determine this by reviewing the office records that she has access to. The two employees were Vanessa Bryant and Michael McKittrick. Percella also stated that Bryant is currently receiving four and three quarters (4.75%) percent longevity pay as per office records that she also has access to. All employees are entitled to this amount of longevity after 12 years of service. Percella claimed that Bryant shouldn't be receiving this amount because she doesn't have twelve years of service and that she actually has ten (10) years of service. The rate for ten years of service would be three and three quarters (3.75%) percent. Percella went on to state that while working in the office she noticed overages and shortages in the office's cash drawer which she had access to. When she brought up the subject to her supervisors, the drawer would end up balanced the following day. The u/s asked Percella if she had any evidence or documentation of what she had just reported. She responded by saying that she had a binder with her. In the binder she kept records of the activity in her office, specifically time sheets for all the employees in the office. The records were from the end of 2009 through the end of September 2010. The u/s asked Percella if we could make copies of the documents in the binder, so that we could establish if there was any criminal activity in her office. She responded by saying that she was fine with us making the copies as she turned the binder over to us. The u/s then made copies of the binder's content which contained two hundred seventy four (274) pages of documents. The binder with all of its contents were returned to Percella and the copies were subsequently placed into evidence.

INVESTIGATION TO CONTINUE

| Rank/Name (print or type) | Page(s) | Date of Report |
|---|---|---|
| STRIFFOLINO, KEITH DET. P058<br>DIAS, NIKKI DET. P043 | Page 1 of 1 | 9/28/2010 |
| [signatures] | Reviewed By<br>BRACKEN, BRIAN D/SGT. S25 | PERCELLA-0241 |