# EXHIBIT Q



**State of New Jersey**
OFFICE OF ADMINISTRATIVE LAW

**INITIAL DECISION**
OAL DKT. NO. CSV 07217-11
AGENCY DKT. NO. 2011-4775

IN THE MATTER OF STACIE PERCELLA,
CITY OF BAYONNE MUNICIPAL SERVICES.

---

   **Seth Gollin**, Esq., appearing on behalf of appellant (AFSCME Council 52 Local 2261)

   **Michael A. D'Anton**, Esq., appearing on behalf of respondent (Chasan Leyner & Lamparello)

Record Closed: March 16, 2012                    Decided: April 16, 2012

BEFORE **WALTER M. BRASWELL**, ALJ:

### STATEMENT OF THE CASE AND PROCEDURAL HISTORY

This matter involves an appeal of a Final Notice of Disciplinary Action issued to the appellant, Stacie Percella, on May 9, 2011, by which appellant was suspended for sixty working days. As set forth in the Final Notice of Disciplinary Action, respondent based the suspension on the following charges: conduct unbecoming a public employee, misuse of public property, and other sufficient cause. The charges stem from an incident where the appellant is charged with taking and disclosing confidential employee records without authorization. Following the preliminary hearing and the issuance of the Final Notice of Disciplinary Action, the petitioner filed a timely notice of

OAL DKT. NO. CSV 07_. 11

appeal in May of 2011. The appellant served the sixty-day suspension between May 17, 2011, and August 8, 2011.

A settlement conference was conducted before the Honorable Evelyn J. Marose, ALJ on September 2, 2011. With a settlement not being reached a hearing was conducted on February 15, 2012, and the record closed on March 16, 2012, with the submission of written summations.

## ISSUE

The issue in this matter is whether the undisputed taking and disclosing of confidential employee personnel records without authorization warrants a sixty-day suspension.

## STATEMENT OF FACTS

Appellant has been employed by respondent as a deputy registrar/principal clerk/typist for more than ten years. Throughout the timeframe relevant to this matter and continuing to the present appellant has been employed in the City of Bayonne's Health Department.

On or about 2010 appellant alleges that she noticed inconsistencies and possible inproprieties with longevity pay, compensation time, bonuses for unused sick time for certain co-workers in the City of Bayonne's Health Department, and repeated overages and shortages in the Health Department's cash drawer. In or about September 2010 the appellant entered the office of City Clerk Vanessa Bryant, who has an office next door to the appellant—without authority or authorization—and took confidential employee personal record's out of Bryant's office. More particularly, the appellant removed 274 pages of documents related to Bryant and City Registrar Michael McKittrick's sick, personal, and vocational days.

On or about September 26, 2010, appellant asserts that for several months she attempted to address these issues with the Mayor of Bayonne, but was unable to

PERCELLA-0339

OAL DKT. NO. CSV 07:     1

secure a meeting with him. After having tried and failed to secure a meeting with the Mayor, through multiple avenues and many attempts, appellant spoke with Bayonne Police Department Deputy Chief Ralph Scianni about getting a meeting with the Mayor.

On September 28, 2010, the appellant met with and was questioned by Detectives Dias and Striffolino. They informed her that they were instructed to meet with her due to allegations conveyed to Deputy Chief Scianni.

Detectives Dias and Striffolino asked appellant if she had any proof to support her allegations. Upon telling them yes, appellant then provided the afore-referenced confidential records to the two detectives. The detectives copied the 274 pages of documents that the appellant had in her possession and returned the originals to the appellant. Detectives Dias and Striffolino prepared an incident report.

After analyzing the documents that they copied from the binder provided by the appellant, Detectives Dias and Striffolino prepared a supplemental investigation report dated October 7, 2010. This report indicated that they found possible errors in the Health Department record-keeping; specifically, possible discrepancies in the way compensation time was being used in relation to the time listed on record and that Vanessa Bryant was possibly receiving longevity pay to which she was not entitled. However, the report indicated that the Bayonne Police Department and the City of Bayonne agreed that no evidence of crime was found at that time. Further, it indicated that the City would conduct an internal investigation, correct any errors that were evident in the practices and policies of the Health Department, and notified the police of criminal activity.

Counsel for the respondent Charles P. Daglian, Esq., conducted the internal investigation for the respondent. Mr. Daglian's findings indicated that 1. Ms. Vanessa Bryant mistakenly received an extra 1% longevity pay for a period of three months and that it was repaid. He concluded that Ms. Bryant did not have the intent to defraud the City by receiving the extra longevity pay. He concluded that she was incorrect in her calculation of the amount of longevity pay that she was entitled to and when advised by the payroll department that she was incorrect, she immediately repaid all extra monies

OAL DKT. NO. CSV 07-1

that she had received. Regarding appellant's allegation that Ms. Bryant received compensation time that she was not entitled to, he concluded that he could not find any proof of any wrongdoing. Regarding Michael McKittrick, he concluded that Mr. McKittrick never received any compensation time for any period that he was not entitled to receive. Regarding both Ms. Bryant and Mr. McKittrick, Mr. Daglian recommended that the City institute a procedure where more written documentation is required regarding compensation time.

Regarding the appellant's accusation that Joseph Waks received a bonus stipend check for not using any sick time for fiscal year 2010, Mr. Daglian concluded that Mr. Waks did nothing to defraud the City. Mr. Waks never received a payment for the unused sick time and Mr. Daglian again recommended as he did for Ms. Bryant and Mr. McKittrick that the charges against Mr. Waks be dismissed.

Even assuming that Mr. Daglian found that all employees were guilty of defrauding the City, he concluded that appellant disregarded the respondent's policies and procedures when she entered the office of her co-worker, took documentation, then disclosed it to the City of Bayonne Police Department without authorization. Further, he concluded that appellant's actions were sufficiently egregious to warrant the penalty of suspension.

The respondent marked as Exhibit 3 the City of Bayonne's Employee Handbook. Section 1 of the Handbook is captioned, "Employment Policies and Procedures, Personnel Records" and Section C of that section captioned, "Personnel Records" states as follows:

> **C.   PERSONNEL RECORDS**
>
> The City will maintain adequate personnel records for each City employee. The records will be carefully maintained and permanently safeguarded in the Personnel Department. The records shall include dates of appointment and promotions, job titles, salaries, commendations, job specifications, disciplinary actions and other related matters. Medical records of employees will be kept separate and apart from their personnel files.

OAL DKT. NO. CSV 07: ` `1

> The City of Bayonne is a public entity and by law must disclose certain information to the public. However, with the exception of the employee's name, position, salary and, if applicable, reason for separation from service, **all personnel records are confidential and are available only to the employee or his or her Department Head or Supervisor on a need-to-know basis**. Employees are entitled to review the contents of their own personnel folders but not those of other employees.
>
> [(Handbook at p. 5 (emphasis added).)]
>
> . . .
>
> Confidentiality
>
> Some of the business conducted by the City, such as awarding of contracts, acceptance of bids, etc., is of a proprietary and/or confidential nature. Although much of the City's actions are public actions and, under the law, are subject to public disclosure, **the decision to disclose such actions rests with Elected officicals and Department Heads, not with individual employees**. Accordingly, City employees should not discuss City business or anything which happens during the employee's workday with non-employees.
>
> Employees responsible for maintain records will be advised which records are regularly available for public inspection. Questions concerning requests for information should be referred to the Department Head.
>
> [(Handbook at p. 29 (emphasis added).)]
>
> . . .
>
> Disciplinary action may be taken against any employee for the following reasons:
>
> - Other sufficient cause, including **violations** of regulations promulgated by the responsible department or **set forth in this handbook**.
>
> [(Handbook at p. 36 (emphasis added).)]

Civil service employees' rights and duties are governed by the Civil Service Act and regulations promulgated pursuant thereto. N.J.S.A. 11A:1-1 to 11A:12-6; N.J.A.C. 4A:1-1.1. The Act is an important inducement to attract qualified people to public service and is to be liberally applied toward merit appointment and tenure protection.

PERCELLA-0342

OAL DKT. NO. CSV 07  1

Mastrobattista v. Essex County Park Comm'n, 46 N.J. 138, 147 (1965). On the other hand, consistent with public policy and civil service law, a public entity should not be burdened with an employee who fails to perform his or her duties satisfactorily or who engages in misconduct related to his or her duties. N.J.S.A. 11A:1-2(a). Such a civil service employee may be subject to major discipline. N.J.S.A. 11a:1-2(b), 11A:2-6, 11A:2-20; N.J.A.C. 4A:2-2.2, -2.3(a).

Conduct unbecoming a public employee has been described as an elastic phrase that includes any conduct that adversely affects morale of governmental employees or the efficiency of a public entity or conduct that has a tendency to destroy public respect for governmental employees and confidence in public entities. Karins v. City of Atl. City, 152 N.J. 532, 554-57 (1998); In re Emmons, 63 N.J. Super. 136, 140 (App. Div. 1960). A finding or conclusion that a public employee engaged in conduct unbecoming need not be based upon the violation of a particular rule or regulation and may be based upon the implicit standard of good behavior governing public employees consistent with public policy. City of Asbury Park v. Dep't of Civil Serv., 17 N.J. 419, 429 (1955); Hartmann v. Police Dep't of Ridgewood, 259 N.J. Super. 32, 40 (App. Div. 1992).

In determining the propriety of the penalty, several factors must be considered, including the nature of the appellant's offense, the concept of progressive discipline, and the employee's prior record. George v. N. Princeton Developmental Ctr., 96 N.J.A.R.2d (CSV) 463. However, it is well-established that where the underlying conduct is of an egregious nature, the imposition of a penalty up to and including removal is appropriate, regardless of an individual's disciplinary history. See Henry v. Rahway State Prison, 81 N.J. 571 (1980). It is settled that the theory of progressive discipline is not a "fixed and immutable rule to be followed without question." Rather, it is recognized that some disciplinary infractions are so serious that removal is appropriate notwithstanding a largely unblemished prior record. See Carter v. Bordentown, 191 N.J. 474 (2007).

PERCELLA-0343

OAL DKT. NO. CSV 07    '1

## CONCLUSION

Based on the foregoing, I **CONCLUDE** that appellant's actions in taking and disclosing confidential employee personnel records without authorization is a clear violation of the City's personnel records and confidentiality policies. Therefore I **CONCLUDE** that the charges of conduct unbecoming a public employee, misuse of public property must be sustained. I further **CONCLUDE** that the charge of other sufficient cause is hereby dismissed.

Factors determining the degree of discipline include the employee's prior disciplinary record and the gravity of the instant misconduct. W. New York v. Bock, 38 N.J. 500, 522-24 (1962). Appellant's prior disciplinary history was admitted into evidence. She has been an employee of the City of Bayonne for over ten years and has had one prior discipline. Accordingly, although removal could be considered to be appropriate, I **CONCLUDE** that the suspension of sixty days imposed by respondent is reasonable and should be upheld.

## ORDER

Based upon the foregoing, I **ORDER** appellant suspended for sixty days. It is also hereby **ORDERED** that the appeal filed by appellant be and is hereby **DISMISSED WITH PREJUDICE**.

I hereby **FILE** my Initial Decision with the **CIVIL SERVICE COMMISSION** for consideration.

PERCELLA-0344